In re Estate of Mary March Pfeiffer.

Lois Launbach, claimant-appellant, v. Roland F. Merner, executor, appellee.

No. 48897.

(Reported in 76 N.W.2d 193)

April 4, 1956.

Sweet, Sager & Engelbrecht, of Waverly, for claimant-appellant.

Harris, Van Metre & Buckmaster, of Waterloo, for appellee.

WENNERSTRUM, J.—Lois Launbach, the claimant-appellant, filed objections to the final report of the executor of the estate of Mary March Pfeiffer, deceased. She had been named as a beneficiary in the will of the decedent. The bequest to her was subject to certain conditions which the executor stated in his final report did not exist at the time of the testatrix' death. The executor's report sets forth the claimed facts and advised the court the bequest should not be paid. The claimant filed objections to it and upon hearing thereon the trial court sustained the report and dismissed the appellant's objections. She has appealed.

This appeal involves the construction of a provision of the last will and testament of Mary March Pfeiffer and its application to the facts as developed by the evidence heard by the trial court. The portion of the will which relates to Lois Launbach is as follows:

"18:—I give to Lois Launbach, the sum of five thousand dollars ($5,000.00) provided she is in my employ at the time of my death or within thirty days prior thereto. If I should be taken to a hospital prior to my death where it is not feasible or convenient for her to be in my employ, I give the bequest to her if she was in my employ within thirty days prior to the date that I was taken to the hospital. If she does not survive me, this bequest to her shall lapse and shall become a part of my residuary estate."

Mrs. Mary March Pfeiffer was 87 years of age at the time of her death. Prior to August 6, 1952, she had resided in Oelwein, Iowa, for approximately twenty years. On or about that date, on account of her serious illness, she was brought to the Sartori Hospital in Cedar Falls. She formerly had lived in that city. Roland F. Merner, an attorney in Cedar Falls, was appointed the guardian of her person and property on August 8, 1952, in Fayette County. This appointment was made on the application of Mrs. Pfeiffer. Section 670.5, 1950 Code. Lois Launbach was employed by the guardian as a practical nurse for Mrs. Pfeiffer.

Her services commenced August 8, 1952. She was one of three practical nurses who gave attention to the needs of Mrs. Pfeiffer while she was in the hospital and for a time thereafter. By reason of Mrs. Pfeiffer's improved condition the guardian obtained accommodations for her at the Black Hawk Hotel in Cedar Falls and she moved there on September 18 where she remained until November 8, 1952. Thereafter, until the time of her death on the third day of January, 1953, she resided in one of her residence properties which had been prepared for her use. After moving into the Black Hawk Hotel Mrs. Pfeiffer did not return to the Sartori Hospital and at no time thereafter did she receive this type of care. While at the hotel she advised Mr. Merner of her desire to make a will and informed him after she had made certain charitable bequests and provision for certain nieces and friends, she intended to will the residuary amount of her estate to him. He advised her under the circumstances he could not and should not draw the will and suggested an attorney in Waterloo be consulted. Mrs. Pfeiffer consented to this arrangement and the attorney spent several days in consultation with her and in the drafting of the proposed will. It was executed on October 8, 1952.

The record shows Mr. Merner had no knowledge of the provision of the will pertaining to Lois Launbach. It is further shown an agreement was entered into between Roland F. Merner, as the residuary legatee named in the will, and two nieces in California whereby a settlement was made between them and Merner pertaining to the distribution of the residuary estate. According to the testimony presented at the trial this agreement was entered into prior to the probate of the will and as of the date of the hearing Roland F. Merner had no interest in the estate.

During the time Mrs. Pfeiffer lived at the hotel she was not confined to her room and went to the restaurant for her meals. She was also taken for automobile rides.

Lois Launbach was one of the practical nurses who cared for Mrs. Pfeiffer during the greater portion of the time she was at the hotel. It is disclosed by the evidence that on the last day Miss Launbach was so employed she was not well and ap-

parently sought an arrangement whereby she might be relieved of her duties for that particular day. About this time Mr. Merner, the guardian, was called to the hotel and while there Mrs. Pfeiffer informed him that she desired to have Miss Launbach discharged. She also told him Lois Launbach had been insolent, argumentative and had slapped her. Apparently due to Miss Launbach's indisposition and Mrs. Pfeiffer's attitude the guardian called Miss Launbach and told her she should go home and he would advise her later as to how matters developed. It appears that this was on or about October 30, 1952. It is also shown that on October 31 she called at the guardian's office and obtained her check for her services. Miss Launbach was not thereafter employed by the guardian nor did she in any capacity serve as a nurse for Mrs. Pfeiffer. There is some testimony in the record that Miss Launbach endeavored to contact the guardian and to ascertain whether she was to come back or not.

I. It is a cardinal rule in connection with the construction of a will by a court it should endeavor to ascertain the express intent of the testator. In re Estate of Small, 244 Iowa 1209, 1239, 58 N.W.2d 477; In re Estate of Gisler, 242 Iowa 933, 937, 48 N.W.2d 866. The intent of a testator also must be gathered from the will itself where the language of it is plain and unambiguous. In re Estate of McCulloch, 243 Iowa 449, 457, 52 N.W.2d 67. It is equally true there is no necessity for testamentary construction when the intent of the testator can be ascertained from the words of the will. Watkins v. Dean, 243 Iowa 599, 602, 52 N.W.2d 498; In re Estate of McCulloch, supra. With these foregoing rules of law in mind we should apply them to the provision of the will here under consideration and the facts as disclosed by the evidence.

II. A review of that part of the will of Mrs. Pfeiffer which pertains to Lois Launbach provides the bequest should be paid to her under the following conditions: (1) If she was employed by the testatrix at the time of her death, or (2) if she had been so employed within 30 days prior thereto, or (3) if the said Lois Launbach had been in testatrix' employ within 30 days prior to the date of Mrs. Pfeiffer being taken to a hospital where Miss Launbach's services to the testatrix were "not feasible or convenient."

The evidence shows the employment of Lois Launbach by Mrs. Pfeiffer or her guardian terminated on October 30, 1952, and that Mrs. Pfeiffer died on January 3, 1953. Consequently, it is definitely shown Lois Launbach was not in the testatrix' employment or that of her guardian at the time of her death or within 30 days prior thereto. The testatrix left the hospital in Cedar Falls, Iowa, on September 18, 1952, and she did not return to it or any other hospital at any time prior to her death. It must be further held the objector-claimant was not in testatrix' employment within 30 days prior to Mrs. Pfeiffer being taken to a hospital where it was not feasible or convenient for Miss Launbach to be in her employ.

Under the facts as disclosed by the evidence and its application to the provision of the will pertaining to Lois Launbach it is our holding the claimant and objector to the final report of the executor has not brought herself within the conditions and provisions of the will. Consequently the trial court was justified in dismissing the claim and in approving the final report of the executor.—Affirmed.

All JUSTICES concur.