Vera Schau and Donald Kelly, appellants, v. Ada Cecil et al., and Ada K. Cecil, administratrix of estate of Everett Kelly, deceased, appellees.

No. 51761.

(Reported in 136 N.W.2d 515)

JULY 29, 1965.

Johnson, Phelan & Tucker, of Fort Madison, for appellants.

Smiths' & Dickey, of Keokuk, for appellees Ada Cecil, Cora Watkins and Ada K. Cecil, administratrix of the estate of Everett Kelly, deceased.

Pollard, Deitchler, Thomas & Lawse, of Fort Madison, for appellees T. Janice Marple, T. Maxine Hall and Mary J. Cook.

MOORE, J.—This is a declaratory-judgment action involving the interpretation of the will of Joseph Kelly. The facts are stipulated.

Joseph Kelly died testate June 8, 1922. His wife, Mary, and their children Cecil Kelly, Everett Kelly, Ada Cecil, Cora Watkins and Mabel Cook survived him. His will which he had executed on December 8, 1921, was probated. Its interpretation and construction present the main issues in this case involving the interests of the parties in certain real property which Kelly owned.

The pertinent parts of the will are:

"Second. I direct my executor to sell and convert into money all personal property of which I may die seized, and from the proceeds thereof, I give, devise and bequeath to each of my daughters, Cora Watkins, Ada Cecil and Mabel Cook, the sum of

Six Thousand ($6000.00) each, and direct that he deduct from the share of my daughter Ada Cecil the Three Thousand ($3000.00) which I have already advanced to her, and also to deduct any sums I may hereafter advance to any of them. Should my personal property when sold not be sufficient to pay these bequests, I desire and direct that my said executor procure the balance remaining unpaid to my daughters, on the best available terms, and that if necessary he give a mortgage on a part or all of the home 160 acres, being the South-west Quarter of Section Nine (9) in Township Sixty-eight, (68) Range Seven (7), West, in Lee County, Iowa.

"Third, To my beloved wife Mary Kelly, for her support and comfort so long as she may live, I give the net annual income from the home 160 acres, namely the South-west Quarter of Section Nine in Township Sixty-eight (68), Range Seven (7), West, in Lee County, Iowa, the same to be paid to her as soon as it is realized. The portion here given to my said wife is in lieu of all rights and interests which she would have had in my estate in the absence of a will.

"Fourth. To my son Everett Kelly, I give, devise and bequeath the South-west Quarter of Section Nine (9), in Township Sixty-eight (68), North, Range Seven (7), West, in Lee County, Iowa, subject to any charges or liens thereon as set forth in the two paragraphs above, and I also devise and bequeath to my said son Everett, the undivided one-half of the timber tract of twenty acres in the North-east corner of the West Half of the Northwest Quarter of Section Thirteen (13), in Township Sixty-eight (68), North, Range Eight (8), West in Van Buren County, Iowa. But should my son Everett not survive me or he should die without issue, then and in that event, the real estate devised to him herein, I devise to my son Cecil Kelly, conditioned upon the payment by him of Two Thousand ($2000.00) to each of my daughters, Cora Watkins, Mabel Cook and Ada Cecil, and said real estate to be his sole and absolute property thereafter."

In the fifth paragraph testator devised to his son, Cecil Kelly, in fee simple an 80-acre tract and an undivided one half of the twenty-acre timber tract described in paragraph four.

The will contains no residuary clause.

After Joseph's death his widow, Mary, and son Everett continued to occupy the home farm.

Mary died November 24, 1942. Mabel Cook died in February 1954. She left three daughters, Mary J. Cook, T. Janice Marple and T. Maxine Hall, defendants herein. Cecil Kelly died December 9, 1957, leaving as his sole heirs and devisees the plaintiffs, Vera Schau and Donald Kelly. Everett Kelly died May 4, 1963. He had never married and left no surviving children. Joseph's daughters Ada Cecil and Cora Watkins survive and are defendants in this action.

Plaintiffs contend that as sole heirs and devisees of Cecil they are the owners of the real property described in paragraph four of Joseph's will.

Defendants contend that when Everett died without issue his fee was divested and the property reverted and descended intestate to Joseph's heirs at law in the following proportions: Ada Cecil and Cora Watkins each an undivided one-fourth interest, Mary J. Cook, T. Janice Marple and T. Maxine Hall each an undivided one-twelfth interest, and plaintiffs, Vera Schau and Donald Kelly, each an undivided one-eighth interest in the real property described in paragraph four of Joseph's will. Defendants argue Cecil's interest in the land described in paragraph four was a contingent remainder.

The trial court adopted defendants' contention and entered judgment accordingly. Plaintiffs have appealed.

■ I. The cardinal and governing rule in the construction or interpretation of a testamentary disposition is to arrive at the intention of the testator. The complete will and all terms thereof must be considered. Extensive citation of authority is unnecessary. See Pringle v. Houghton, 249 Iowa 731, 735, 736, 88 N.W. 2d 789, 791, 792, and citations.

■ ■ II. The intention of the testator must be gathered from the words of the will itself, if their meaning as a whole is clear, unambiguous and unequivocal. The question is not what the testator may have meant, but what did he say, what is the meaning of the words he actually used in the will? All rules and canons of construction serve no purpose when the testamentary intention fairly and clearly appears from the testator's words in

the will itself. Guilford v. Gardner, 180 Iowa 1210, 1221, 162 N.W. 261, 265; In re Estate of McCulloch, 243 Iowa 449, 457, 458, 52 N.W.2d 67, 72; In re Estate of Pfeiffer, 247 Iowa 756, 759, 76 N.W.2d 193, 195; In re Estate of Manahan, 255 Iowa 1060, 1066, 125 N.W.2d 135, 138.

In Moore v. McKinley, 246 Iowa 734, 749, 69 N.W.2d 73, 82, we say:

"Whether a testamentary remainder is vested or contingent must be determined by the intent of the testator as expressed by the language of the will, if it is plain and unambiguous, and nothing else, considering the will as a whole, and giving effect to every provision thereof if it is reasonably possible. This has been the holding of the court in so many opinions that extensive citation thereof is unnecessary."

III. The primary issue between the parties here is whether Cecil's interest in the land described in paragraph four is a vested or contingent remainder. Nothing appears in the other paragraphs of Joseph's will to create doubt as to the meaning of paragraph four. It clearly states the described land is devised to Everett but that if he failed to survive the testator or dies without issue "then and in that event" it is devised to Cecil subject to the stated conditions. The words are clear and unambiguous. We need not apply rules and canons of construction but must only apply the testator's words to our now well established definitions of vested and contingent remainders.

Our earlier cases and particularly Archer v. Jacobs, 125 Iowa 467, 101 N.W. 195, created uncertainty of whether we would apply the common-law or New York rule definitions of vested and contingent remainders. The resulting confusion is fully discussed in Fulton v. Fulton, 179 Iowa 948, 162 N.W. 253, L. R. A. 1918E 1080, Skelton v. Cross, 222 Iowa 262, 268 N.W. 499, 109 A. L. R. 129, and Henkel v. Auchstetter, 240 Iowa 1367, 39 N.W.2d 650. As they point out, Archer v. Jacobs has been repudiated. We are committed to and have in our various recent decisions applied the common-law definitions.

Under the common-law rule a vested remainder whereby the estate passes by the conveyance but possession and enjoyment are postponed until the particular estate is determined is where

the estate is invariably fixed to remain in certain determined persons. A contingent remainder is limited to take effect to a dubious or uncertain person or upon a dubious or uncertain event. In re Estate of Organ, 240 Iowa 797, 801, 38 N.W.2d 100, 103; Katz Investment Co. v. Lynch, 242 Iowa 640, 650, 47 N.W. 2d 800, 806; In re Trusts of Young, 248 Iowa 309, 315, 79 N.W. 2d 376, 379; Pringle v. Houghton, 249 Iowa 731, 737, 88 N.W.2d 789, 792; Buchan v. Buchan, 254 Iowa 566, 569, 570, 118 N.W.2d 611, 613, 100 A. L. R.2d 1063. See also 33 Am. Jur., Life Estates, Remainders, etc., sections 75 and 76; 96 C. J. S., Wills, section 921.

■ Whether Everett would die without issue was certainly a dubious or uncertain event. We agree with the trial court's holding that paragraph four creates a contingent remainder in Cecil. The plain wording of that paragraph shows the testator did not intend the remainder to Cecil should take effect, if at all, until Everett's death without issue.

■ IV. Cecil's death prior to the happening of the event which would have caused his interest to vest defeated his interest in the land. When one takes only a contingent remainder in real estate conditioned upon the happening of a future event he must live until the event occurs in order to take any interest in the real estate. Fulton v. Fulton, 179 Iowa 948, 967, 162 N.W. 253, 259, L. R. A. 1918E 1080; Bladt v. Bladt, 191 Iowa 1344, 1347, 181 N.W. 765, 766; In re Estate of Organ, 240 Iowa 797, 801, 38 N.W.2d 100, 110; Henkel v. Auchstetter, 240 Iowa 1367, 1392, 39 N.W.2d 650, 663. See also 96 C. J. S., Wills, section 945. All parties agree the antilapse statute (Code section 633.16) does not apply. Cecil survived the testator. Plaintiffs do not contend Code sections 557.6 to 557.8 apply as the will here was executed prior to the effective dates of those statutes.

■ V. There being no residuary clause in this will, the remainder which did not vest in Cecil, of course descends as intestate property to the heirs of the testator. Karolusson v. Paonessa, 207 Iowa 127, 135, 136, 222 N.W. 431, 435; In re Estate of Dluhos, 246 Iowa 1043, 1051, 70 N.W.2d 549, 554; In re Estate of Ramthun, 249 Iowa 790, 800, 801, 89 N.W.2d 337,

343. The trial court correctly so entered the declaratory judgment.—Affirmed.

All JUSTICES concur except MASON and RAWLINGS, JJ., who take no part.