T. W. CLARKEN et al., appellants, v. FRANCIS H. BROWN et al., appellants, and GUY WALTERS et al., appellees.

No. 51747.

(Reported in 137 N.W.2d 376)

OCTOBER 19, 1965.

Sackett & Sackett, of Spencer, Albert Habhab and Donald J. Mitchell, both of Fort Dodge, for appellants.

Alan Loth, of Fort Dodge, for appellees.

MASON, J.—This is a partition action to determine the shares in which a 160-acre tract of land in Webster County is owned. The case was submitted to the trial court upon facts admitted by the pleadings, the will of T. W. Clarken and a stipulation of record.

T. W. Clarken died testate in 1939 owning the land in question, leaving no spouse nor issue. Both parents were dead. In item three of testator's will, probated in 1939, he gave a life estate to his brother, G. V. Clarken, who died in 1964. Item eight of the will provided: "At the death of my brother, G. V. Clarken, I devise and bequeath said above described farm and land to my lawful heirs, as fixed by the statutes of the State of Iowa."

Interpretation of item eight gives rise to the lawsuit.

Testator had eight brothers and sisters. G. V. Clarken, F. M. Clarken, Dora McCardle, Mary L. Walters, John Clarken

and William Clarken survived him; two others had predeceased him, a sister whose only child was Hazel Brown, and a brother, Henry. Before the death of the life tenant, the remaining brothers and sisters and Hazel Brown died. These deaths create the dispute over how the will devised the fee.

The contending parties all claim under the will, partition was not contested, ownership of the shares is the dispute.

Appellants contend the remainders created by item eight of the will were contingent until the death of life tenant. Appellees claim the remainder vested at testator's death in his heirs and, therefore, their later deaths did not affect the shares.

The trial court entered a decree of partition by sale, later a determination of points of law concluding there were two legal questions involved, 1) Was the remainder a vested or contingent one? 2) Was the distribution to be per capita or per stirpes?

The trial court held it was testator's intention to vest the remainder at his death and the devise should be per stirpes and not per capita.

F. M. Clarken and Dora McCardle left no spouse nor issue. After testator's death Dora McCardle and her then husband conveyed an undivided one-eighth interest in the land involved to Mary L. Walters and her then husband. F. M. Clarken conveyed all his right, title and interest in said land to Mary L. Walters. Mary L. Walters and her spouse conveyed all their right, title and interest in the land to their children, Guy A. Walters, Lee H. Walters, Melvin R. Walters, Harriett Weiss, Evelyn Bracken and Margaret Weiss, defendants who are appellees herein. All deeds were recorded before 1964.

After reciting its conclusions as to testator's intention, the court in a supplemental decree directed proceeds from the sale, which had been previously ordered, after certain deductions, be divided into eight parts, one part to each of the six brothers and sisters who survived testator, including the life tenant, one each to the predeceased sister and brother. The court awarded Mabel Clarken, surviving widow of life tenant, one third of the share awarded to him; Myrtle Clarken, surviving widow of John Clarken, one third of John's share; Bertha Clarken, surviving widow of William Clarken, one third of William's share.

Under the division the children of William Clarken, John Clarken and G. V. Clarken took the remaining two thirds of their father's one-eighth share per stirpes. The court confirmed and established the three-eighths shares of F. M. Clarken, Dora McCardle and Mary L. Walters in the children of Mary L. Walters, who were also grantees in the quitclaim deed hereinbefore referred to; one-eighth share in Henry's children and the remaining one-eighth share in the grandchildren of the predeceased sister.

From the supplemental decree thus determining the shares and ownership in said proceeds, two appeals are taken.

Neither plaintiff, Margaret Pontius, nor the intervenors, Mabel Clarken, Bertha Clarken and Myrtle Clarken, appeal.

Plaintiffs, T. W. Clarken and Marie Hanks, children of life tenant, rely on two propositions for reversal, arguing item eight created a contingent remainder and the court erred in allowing Mabel Clarken, their father's surviving spouse, a one twenty-fourth share. Plaintiffs assert they are each entitled to a one-twelfth interest, taking his share equally, their stepmother taking nothing as she is not an heir under the laws of intestate succession. They contend a proper interpretation of item eight creates a dubious and uncertain situation as to what persons will take testator's property. If this theory be correct, the children of Henry Clarken, John Clarken, William Clarken, Mary L. Walters and Hazel Brown would each take a one-sixth share per stirpes.

Those defendants who have appealed assign two propositions for reversal. 1) The court erred in holding the remainder interest vested at the time of testator's death and decreeing distribution accordingly. 2) The court erred in holding the testator's lawful heirs took per stirpes and in decreeing distribution accordingly. These defendants claim each was entitled to a one twenty-eighth share of the proceeds on the theory the will created contingent remainder interests, subject to G. V. Clarken's life estate. In support of their position appellees contend by using the phrase "At the death of my brother, G. V. Clarken, I devise and bequeath said * * * farm to my lawful heirs * * *" testator clearly indicated his intention that the devise of the

remainder interest in his farm vested at life tenant's death rather than at his death. They further urge that any other interpretation would result in G. V. Clarken taking not only a life estate in all of the farm but also a remainder interest in one eighth of it.

Defendant Francis H. Brown claimed a one-twelfth interest as a contingent beneficiary under testator's will, alleging F. M. Clarken and Dora McCardle, testator's brother and sister, who predeceased life tenant and died without issue, were also merely contingent beneficiaries and acquired no interest in the land nor did anyone claiming by, through or under them as they had no vested interest in the property to convey.

Those defendants who are appellees allege in their counterclaim they were owners of three eighths of the land by virtue of the conveyances from F. M. Clarken, Dora McCardle and their mother, Mary L. Walters. They maintain the will gave a life estate, with a vested remainder in those comprising testator's heirs at his death, and in the shares specified by the Iowa statutes, further contending that the phrase, "at the death of" the life tenant, refers to the time for enjoyment of the remainder, not to its vesting, and his death does not affect the share.

■ The cardinal and governing rule in the construction or interpretation of a testamentary disposition is to arrive at the intention of the testator. The complete will and all terms thereof must be considered.

■ The intention of the testator must be gathered from the words of the will itself, if their meaning as a whole is clear, unambiguous and unequivocal. The question is not what the testator may have meant, but what did he say, what is the meaning of the words he actually used in the will? All rules and canons of construction serve no purpose when the testamentary intention fairly and clearly appears from the testator's words in the will itself.

We are committed to and have in our various recent decisions applied the common-law definitions.

■ Under the common-law rule a vested remainder whereby the estate passes by the conveyance but possession and enjoyment are postponed until the particular estate is determined is where

24

the estate is invariably fixed to remain in certain determined persons. A contingent remainder is limited to take effect to a dubious or uncertain person or upon a dubious or uncertain event.

In support of each of the above propositions see Schau v. Cecil, 257 Iowa 1296, 136 N.W.2d 515, from which they are taken. See also In re Estate of Rahfeldt, 253 Iowa 72, 111 N.W. 2d 303.

■ I. We are satisfied that testator's will gave a life estate to G. V. Clarken with a vested remainder to those comprising testator's heirs at his own death and in the shares specified by the Iowa statute. Death of the life tenant merely fixed the time for enjoyment. ·

There is nothing in the language of the will to indicate to the contrary. Item eight did not require "my heirs" to be "then living", "if living", "then in being", "if they survive", "surviving brothers or sisters" or language of similar import expressing contingency. There is no substitutionary or alternative devise of· the share of any remainderman who does not survive the termination of the life tenancy. We have no right to insert the quoted words in the will. Katz Investment Co. v. Lynch, 242 Iowa 640, 651, 47 N.W.2d 800, 807, and citations.

Failure of testator to devise the remainder to his heirs living at the termination of the life tenancy does not support appellants' position. Especially would this be true when in items two, three, four and five of his will testator made a specific provision for alternative beneficiaries for those named in said items in the event they did not survive or in the event they left no issue. Testator's failure to make a similar provision with reference to item eight is, in our opinion, a strong indication of an intent to vest the remainder immediately upon his death.

■ We must assume that testator selected language adapted to express his meaning and that he knew and appreciated the effect of the language used in his will. In re Estate of Braun, 256 Iowa 55, 60, 126 N.W.2d 318, 321.

In Hiller v. Herrick, 189 Iowa 668, 669, 676–678, 179 N.W. 113, after giving a life estate to Hannah Moore, testator's widow, the will provided " 'at the death of my wife, Hannah Moore, I

desire and direct that all the property both real and personal then remaining, shall be divided between my legal heirs, share and share alike'." One heir died before the widow. The others claimed this remainder was contingent on surviving until her death. The court adhered to the previous construction of such wills, which even then had been often repeated. It said:

"* * * it is quite rarely that we have been brought to the conclusion that such a provision is contingent; and then only when the intention to make it contingent is very clear. The language * * * is quite like, if not practically identical with, the stock form of expression used over and over again in wills * * * where, after making provision for the wife for life, the testator adds, 'After her death, I direct that the property be equally divided between my children,' or, 'between my heirs.' Barring a slight tendency to wabble a little, in a very few instances, we have steadily held, in every such case, that the remainder over is vested from the instant of the testator's death. * * *

"* * * we have held, in consonance with the authorities generally in such cases, that the word heirs 'refers to the persons answering that description at the time of his death, unless a contrary intent is plainly manifested by the will.'"

To the same effect see Moore v. McKinley, 246 Iowa 734, 69 N.W.2d 73; Johnston v. Boothe, 234 Iowa 201, 12 N.W.2d 176.

■ Strictly speaking the legal heirs of a person are those upon whom the law casts the estate immediately on the death of such person. Katz Investment Co. v. Lynch, 242 Iowa 640, 650, 47 N.W.2d 800, 806, and many citations.

■ "Where the devise is to the remainderman 'from and after' or 'after' or 'at' or 'on' the death of the life tenant, or words of like import are used, the authorities quite generally declare that such words relate to the time of enjoyment, and that the remainder is vested." Lingo v. Smith, 174 Iowa 461, 468, 156 N.W. 402, 405, and citations.

■ Generally speaking, where there is a bequest to one for life, and after his decease to the testator's next of kin, the next of kin who are to take are the persons who answer that description at the death of the testator, and not those who answer the description at the death of the first taker. For authorities sup-

26

porting the above statement, see those cited in Piercy v. Bronson, Iowa, 216 N.W. 753.

■■ II. The trial court was correct in determining distribution should be per stirpes and not per capita.

A devise per capita means by a number of individuals equally or share and share alike. A devise per stirpes is where those of more remote kinship to decedent take by right of representation. Gilbert v. Wenzel, 247 Iowa 1279, 1281, 78 N.W.2d 793.

"The authorities agree the determining factor in ascertaining whether beneficiaries under a will take per capita or per stirpes is the intention of the testator. This is to be reached from the language used as applied to the surrounding circumstances and the conditions present in testator's mind when the will was made." See Gilbert v. Wenzel, supra.

The familiar expression "share and share alike" or other words of like import do not appear. We think it more reasonable testator intended equality between the heirs of each brother and sister as representatives of such brother or sister. Katz Investment Co. v. Lynch, supra.

■ III. The rights of Mabel Clarken, Bertha Clarken and Myrtle Clarken, intervenors herein who claim as surviving spouses of testator's brothers, must be through their marriage relationship with their respective husbands and, if the husbands had a vested interest at the time of their death, their respective spouses would each take their statutory distributive share, not as an heir of the deceased husband but by virtue of the statute.

■ Having determined in Division I herein that testator's will created a vested remainder in those comprising testator's heirs at his own death, it would follow they were possessed of the interest in the real estate immediately upon his death. They were in a legal sense the owners of the property, subject to the life estate in G. V. Clarken and are deemed to be possessed of the same. The word "possessed" as used in section 636.5, Code of 1962, relates to the estate in the property, not to the property itself. The surviving spouses would take their statutory share. For a full discussion of the problem involved, see O'Connor v. Halpin, 166 Iowa 101, 147 N.W. 185.

IV. At the time F. M. Clarken, Dora McCardle and Mary

L. Walters executed the quitclaim deeds referred to they were possessed of an interest in the real estate. The deeds conveyed all their right, title and interest to the grantees. Moore v. McKinley, 246 Iowa 734, 755, 69 N.W.2d 73 at 85; sections 557.3, 557.12, Code of 1962.

The determination of the trial court as to the ownership of the shares in the proceeds and the portion thereof as set out in its supplemental decree should be and the same is hereby affirmed.—Affirmed.

All JUSTICES concur.