In the Matter of the ESTATE OF Marion R. CRIST, Deceased.

Susan Lee WOODS, Plaintiff–Appellant,

v.

FIRST BANK, Wally Woods, Douglas Woods, Raylene Woods, Justin Woods, Jeremy Woods, Michael Woods, and Nathan Woods, Defendants–Appellees.

No. 87–1690.

Court of Appeals of Iowa.

Nov. 29, 1988.

Michael J. McCarthy of McCarthy & Lammers, Davenport, for plaintiff-appellant.

Michael K. Bush of Carlin, Hellstrom & Bittner, Davenport, for defendant-appellee First Bank.

John T. Bribriesco, Bettendorf, for defendants-appellees Woods.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

In this action to construe decedent Marion R. Crist's will, the question is whether the decedent's bequest to his daughter of goods and chattels was ambiguous. We find the will to be unambiguous. We reverse the district court.

Our review is de novo. *Oxley v. Oxley,* 262 N.W.2d 144, 147 (Iowa 1978). In a de novo review we make findings of fact anew; however, when considering the credibility of witnesses, we give weight to the fact findings of the trial court, but are not bound by them. *Russell v. Johnston,* 327 N.W.2d 226, 228 (Iowa 1982).

The decedent Marion Crist has one daughter, plaintiff-appellant Susan Lee Woods. Defendants-appellees Wally Woods, Douglas Woods, Raylene Woods, Justin Woods, Jeremy Woods, Michael Woods and Nathan Woods are Susan's seven children.

On January 26, 1971, decedent drew a will which included the following two paragraphs:

### ARTICLE III

#### *Special Requests*

(A) I give and bequeath to my Daughter, Susan Lee Woods, all of my personal effects, household goods, automobile and all other items of goods and chattels if she survives me. If I am not survived by my said Daughter, this bequest shall lapse and pass as part of my residuary estate.

### ARTICLE IV

#### *Residuary Estate*

I do hereby give, devise and bequeath all of the rest, residue and remainder of my estate to which I may be in any manner entitled at my death, wheresoever the same may be situated and of whatsoever nature the same may be, including real, personal and mixed property, unto FIRST TRUST AND SAVINGS

BANK as Trustee under a Trust Indenture created by me by a written agreement with the Trustee, dated the 26th day of January, 1971 to be added to the trusts created therein and held, administered and distributed as a part thereof, and any amendments or modifications made to it before my death.

When decedent drew the will and when decedent died he owned excavation equipment. When the will was drawn decedent was using the equipment for business purposes. When he died the equipment was rented.

Susan filed a petition to construe decedent's will contending the excavating equipment passed to her under Article III.

■ The trial court found the excavating equipment is clearly a chattel. This finding is not challenged. We agree with the trial court on this issue and we too determine the excavating equipment is a chattel. After finding the excavating equipment to be a chattel, the trial court went on to determine the word chattel was ambiguous and held the excavating equipment passed under Article IV to the trust. Susan appeals contending the will is not ambiguous.

The trial court found a conflict between Article III and Article IV, finding there would be no personal property to pass to the trust if chattels went to Susan under Article III. Article IV described property going to the trust as including real, personal and mixed. Appellees argue the trial court's reasoning is supported by *Oxley v. Oxley,* 262 N.W.2d 144 (Iowa 1978). In *Oxley* at 149, the court considered in finding an ambiguity the fact the failure to do so would nullify the residuary clause.

Unlike *Oxley,* we do not find giving chattels to Susan to nullify or frustrate the bequest to the trust. Under Article III, for Susan to receive the chattels she must survive decedent. If Susan does not survive, her bequest lapses and all property devised to her, including chattels and personal items, becomes a part of the residuary estate. The language giving the trust personal property in the residuary clause is necessary to prevent a partial intestacy should Susan not survive decedent. We disagree with the trial court and find the giving of personal property in Article IV does not create an ambiguity.

■ In further support of its position, the trial court found the word chattel was the scrivener's word not the decedent's word. The use of a scrivener's word does not create an ambiguity because the question is not what the testator meant to say but what he meant by what he did say. *See In re Estate of Keil,* 357 N.W.2d 628, 631 (Iowa 1984); *Bankers Trust Co. v. Allen,* 257 Iowa 938, 944, 135 N.W.2d 607, 610–611 (1965) and citations; *Schau v. Cecil,* 257 Iowa 1296, 1299, 136 N.W.2d 515, 518 (1965); *Clarken v. Brown,* 258 Iowa 18, 23, 137 N.W.2d 376, 379 (1965). However clearly an intention not expressed in the will may be proved by extrinsic evidence, the rule of law requiring wills to be in writing stands as an insuperable barrier against carrying the intention thus proved in the execution. *In re Estate of Lepley,* 235 Iowa 664, 672, 17 N.W.2d 526, 529–30 (1945). *See In re Estate of Winslow,* 259 Iowa 1316, 1321–22, 147 N.W.2d 814, 818 (1967) (where the court rejected scrivener's evidence of her mistake in drafting a will, there being no ambiguity in the will itself). *See also In re Estate of Lepley,* 235 Iowa at 671, 17 N.W.2d at 529 (where the court rejected the argument a latent ambiguity existed because plain and unambiguous words in the will were inconsistent with decedent's financial situation and statements of deceased at the time the will was drawn).

The appellees offered evidence not to clarify the terms of the will but to obscure it. *See In re Estate of Kiel,* 357 N.W.2d 628, 631 (Iowa 1984). To establish the claimed ambiguity the protestors point to and the trial court relied on extrinsic evidence, not the words of the will themselves. After a will is admitted to probate, a testator cannot testify. Intent should therefore be gleaned from the words of the will. Where the language is clear, both in expression and meaning, rules of construction are inapplicable. *Lytle v. Guilliams,* 241 Iowa 523, 525–26, 41 N.W.2d 668, 670, 16 A.L.R.2d 1377, 1380 (1950).

Resort to extrinsic circumstances is not permissible where the language of the will is not ambiguous or of doubtful meaning. Nor is extrinsic evidence admissible to vary, contradict or add to the terms of a will or to show an intention different from that disclosed by its language. Evidence of the testator's intention as an independent fact, divorced from the words of a will, is clearly inadmissible. Courts will not, from oral testimony, make a will the testator perhaps intended to, but in fact did not, make.

*In re Estate of Winslow*, 259 Iowa at 1323, 147 N.W.2d at 818.

■ We consider what is meant by the words the decedent actually used. *Clarken v. Brown*, 258 Iowa 18, 23, 137 N.W.2d 376, 379 (1965). The excavating equipment is a chattel. All rules and cannons of construction serve no purpose when the testamentary intention fairly and clearly appears from the decedent's words in the will itself. *Id.* We assume the decedent selected language adopted to express his meaning and he knew and appreciated the effect of the language used in his will. *Clarken v. Brown*, 258 Iowa at 24, 137 N.W.2d at 380. We give primary consideration to the actual words used. *Martin v. Beatty*, 253 Iowa 1237, 1243, 115 N.W.2d 706, 710 (1962). Ambiguous means of doubtful nature or meaning; uncertain; having a doubtful or double meaning; uncertain; open to various interpretations; equivocal. *See Oxley v. Oxley*, 262 N.W.2d 144, 147 (Iowa 1978). The trial court found and we agree the excavating equipment is clearly a chattel. The words of decedent's will clearly provide Susan inherits decedent's chattels if she survives. We reverse the trial court. We determine the excavating equipment passes to Susan under Article III.

REVERSED.