Leo E. DAVIES and Ted E. Davies, Administrators of the Estate of Lewis Davies, Deceased, Plaintiffs,

v.

Maxine RADFORD, Executor of the Estate of Leland Dale Ridnour, Deceased, Defendant.

Maxine RADFORD, Executor of the Estate of Leland Dale Ridnour, Deceased, Appellee,

v.

Leo E. DAVIES and Ted E. Davies, Administrators of the Estate of Lewis Davies, Deceased, Leo E. Davies, Individually, and Ted E. Davies, Individually, Robert Fewson, Conservator for Lucille Davies, Individually, Appellants.

No. 88–14.

Supreme Court of Iowa.

Dec. 21, 1988.

Verd R. Bailey, of Bailey Law Office, P.C., Clarinda, for appellants.

Jerome Y. Biggs, Jr., of Strop, Roberts, Thomas & Burns, St. Joseph, Mo., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

■ The question here is whether Iowa Code section 557.7 (1987) abolished the common law rule of destructability of contingent remainders. It did. The trial court so held and we affirm.

In March 1975 Lucille Davies, a single person, signed a quit-claim deed to her farm, reserving a life estate. The granting clause conveyed the farm:

Unto Lewis Lee Joe Davies reserving a life estate to Lucille Davies and providing Lewis Joe Davies survives Lucille Davies and should Lewis Lee Joe Davies fail to survive Lucille Davies, then such is conveyed to Leland Dale Ridnour.

Lewis Lee Joe Davies is the same person as Lewis Joe Davies. There is no question about the execution of the deed. It was recorded with the county recorder March 21, 1975.

Leland Dale Ridnour died July 22, 1981. Lewis Lee Joe Davies died December 7, 1985.

Lucille Davies survived both Leland and Lewis.

This quiet title action was brought by the administrator of Lewis' estate against the executor of Leland's estate. Leland's executor filed a counterclaim seeking to quiet title in Leland's heirs. Lucille's conservator also filed a counterclaim seeking to quiet title in Lucille. The suit is grounded on the premise that Leland had to survive Lucille in order for his interest in the farm to become vested.

I. Lucille's conservator relies on a common law rule which long prevailed in Iowa. At common law a contingent remainder failed if the contingent remainderman did not live until the condition precedent had occurred. This principle was set out in *Schau v. Cecil*, 257 Iowa 1296, 136 N.W.2d 515 (1965). We stated:

When one takes only a contingent remainder in real estate conditioned upon the happening of a future event he must live until the event occurs in order to take any interest in the real estate.

*Id.* at 1301, 136 N.W.2d at 519. The instrument in *Schau* was executed prior to the

enactment of the Iowa contingent remainder Act. *Id.*

Iowa Code section 557.7 applies to instruments executed on or after July 1, 1925. It provides:

A contingent remainder shall take effect, notwithstanding any determination of the particular estate, in the same manner in which it would have taken effect if it had been an executory devise or a springing or shifting use, and shall, as well as such limitations, be subject to the rule respecting remoteness known as the rule against perpetuities, exclusive of any other supposed rule respecting limitations to successive generations or double possibilities.

Iowa Code section 557.6 provides:

Estates may be created to commence at a future date.

We seem never to have been previously called upon to hold the common law destructability rule was abrogated by Iowa Code section 557.7, although we hinted it was in dicta in *Lincoln Joint Stock Land Bank v. Mitchell*, 239 Iowa 995, 1008, 33 N.W.2d 388, 395 (1948). Abolition of the doctrine by the statute has however long been recognized. *See* R. Swenson, *Possessory Estates and Future Interests in Iowa*, 36 ICA 73, 98 (1950).

We are convinced that the doctrine of survival set out in *Schau* does not apply to instruments drafted after July 1, 1925. It thus does not apply to the quit-claim deed involved here. The trial court was correct in so holding.

■ II. It is incumbent upon us to apply the standard that "a deed should be construed, if at all possible, to effectuate the intent of the grantor." *In re Estate of Fleck*, 261 Iowa 434, 438, 154 N.W.2d 865, 867 (1967). We glean that intent from the language of the deed. *Id.* at 440, 154 N.W. 2d at 868. We also bear in mind the rule that every conveyance of real estate passes all the interests of the grantor in the property, unless a contrary intent can be reasonably inferred from the terms used. Iowa Code § 557.3.

 The deed here created an interest in Lewis only if he survived Lucille. Because Lewis did not survive Lucille his interest did not come into existence.

The interest created by the deed in Leland did not depend on his surviving Lucille. We know from the contingency placed on Lewis' interest that Lucille knew how to place a contingency when she desired. We must assume she intended for survivorship to be a prerequisite for Lewis to acquire an interest and intended that it not be a prerequisite for Leland to acquire.

The district court was correct in quieting title in the heirs or devisees of Leland, subject to the life estate of Lucille.

AFFIRMED.