Cora Oziah and Nora Druse, Appellees, v. Thomas J. Howard, Jane Gordon, et al., and J. O. Howard, Admr., Appellant.

**Estates of decedents:** PARTITION: EVIDENCE.   In this action to partition an estate the evidence is held to show that a brother of the intestate had been absent from the state and unheard of for a sufficient length of time prior to intestate's death to entitle his children to his distributive share in the estate.

**Partition:** SERVICE BY PUBLICATION: JUDGMENT: COLLATERAL ATTACK: ESTOPPEL.   In actions for partition service may be made by publication upon defendants who are nonresidents of the state; but a decree based upon service by publication is not binding against defendants who were actual residents of the state, and a decree so entered is without jurisdiction and may be collaterally attacked whenever relied upon as against such defendants, unless for some reason they are estopped to question the same.

**Same:** PARTIES: SUBSTITUTION: JURISDICTION.   Where the allegations of a petition in an action for partition are sufficient to warrant a decree against a defendant, the substitution on his death of his personal representative instead of his heirs created merely a defect in parties, which might render the decree ineffectual as against the heirs but it did not deprive the court of jurisdiction.   And unless the objection was raised upon the trial it could not be urged on appeal.

**Same:** ORDER OF SALE.   Where it is impracticable to partition the property itself an order for its sale should be made.

**Same:** TAXATION OF ATTORNEY'S FEES. Where the title to property involved in a partition action is put in issue, and all parties are represented by counsel, attorney's fees are not taxable against the common property.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

TUESDAY, NOVEMBER 15, 1910.

ACTION for partition of real property. There was a decree finding plaintiffs entitled to one-tenth interest in the property described, and ordering the sale of said property and distribution of the proceeds. During the pendency of the case the death of defendant, Thomas J. Howard, was suggested, and, on motion of plaintiffs, J. O. Howard was substituted as his administrator. It will be convenient, however, to still refer to Thomas J. Howard as defendant. The administrator appeals from the decree.—*Modified* and *affirmed.*

*S. G. Van Auken* and *Bowen & Alberson,* for appellant.

*Earl R. Ferguson* and *Bair, Berryhill & Brammer,* for appellees.

McCLAIN, J.—The plaintiffs ask partition of two parcels of real estate situated in Des Moines, the title of which stood in Mrs. Emma D. Howard at her decease, intestate and without descendants, in June, 1906, leaving as her survivors interested in her estate her husband, who is defendant in this action, and certain brothers and sisters, and descendants of brothers and sisters deceased. Plaintiffs claim to be the grandchildren of a brother of Mrs. Howard through their father, who was the sole heir of said brother, and who has been absent from the state and from his home

unheard of by his family for such length of time that his death is to be presumed. The defendant puts in issue the ownership of the property in his deceased wife, alleging that she held title for · him, and pleads also by way of defense a decree purporting to quiet the title to the property in him as the result of an action to quiet title brought by him against unknown claimants of the property and certain named defendants, among whom was the father of these plaintiffs. The validity of the decree in the action to quiet title is questioned by plaintiffs on the ground that they were residents of the state at the time of the bringing of the action, and were not served with personal notice thereof, and had no knowledge actual or constructive of the pendency of said action until long after the decree was rendered. The case was tried on the issues as to plaintiffs' interest in the property, and the validity of the decree quieting the title in defendant.

I. As Mrs. Howard died without issue and intestate, one-half interest in the property in controversy passed to her husband and the other one-half to her brothers and

1. ESTATE OF DECEDENT: partition: evidence.

sisters and their heirs. It appears that defendant has acquired the interest of three brothers and a sister, and that another sister died without issue some years prior to the death of Mrs. Howard. Another brother had also died, but left surviving him a son, Frank Druse, the father of these plaintiffs. When Mrs. Howard died, Frank Druse had not been heard from by any member of his family or by anyone who so far as it appears from this record would be likely to hear from him for fifteen years. His wife, mother of the plaintiffs, had not heard from him for three years prior to securing a divorce in 1887, and was unable to learn where he was at that time. These plaintiffs have not heard from him since he left his home prior to the divorce, and efforts on their part to ascertain his whereabouts have been unavailing. One of his brothers who has taken a special interest in

the welfare of the plaintiffs, and who took charge of Frank Druse's family after his desertion of them, has not heard from him for eighteen years. When last heard from, he was in Illinois. Under these circumstances, we think it sufficiently established by the record that Frank Druse had been absent from the state and unheard from by those who might reasonably be expected to hear from him if alive for more than seven years prior to the death of Mrs. Howard, and the presumption that he was then dead, and that the plaintiffs as his heirs became entitled to the share of Mrs. Howard's property which he would have inherited had he been alive, must be entertained. As already indicated, this interest amounted to one-tenth of the property, and the court did not err in sustaining plaintiffs' claim to such interest, unless it had been cut off by the decree in the action to quiet title already referred to.

II. After the death of Mrs. Howard, the defendant, having procured quitclaims from three of her brothers and the heirs of a sister, instituted an action to quiet title for the purpose of cutting off the interests of other brothers and sisters or their heirs, alleging Mrs. Howard held the title in trust for him, and that said brothers and sisters had no interest in said property. In the petition in that action it was alleged that the said brothers and sisters or their heirs, if deceased, were nonresidents of the state, and that their residence was unknown, and in an affidavit for an order for service by publication it was stated that personal service could not be made on said parties within the state. Thereupon an order for publication of notice was duly entertained and notice by publication was given, and, on default, a decree was rendered finding that Mrs. Howard had no interest in the property, and that the plaintiff therein (this defendant) was the absolute and unqualified owner thereof.

In this action defendant relies on this decree as against the claims of plaintiffs, and plaintiffs allege the invalidity

thereof for want of jurisdiction of the court over the plain-
tiffs due to the fact that at the time of and
prior to the commencement of said action
these plaintiffs were and still are residents
of the state where personal service could
have been made upon them, and that their
residence was well known to the plaintiff in that action.
The statute seems to provide for service by publication in
actions to quiet title only as to defendants who are non-
residents of the state.   See Code, section 3534, par. 6;
*Bales v. Williamson,* 128 Iowa, 127.   As it is now made
to appear without controversy that these plaintiffs were
residents of the state when the notice by publication was
given, the decree in that action is not. binding upon them.

The contention for appellant at this point is that the
decree, although founded only on service by publication,
is conclusive, except as against a direct attack, and, as
plaintiffs have taken no steps to have such a decree set
aside or vacated, they can not now collaterally impeach it.
But it is well settled that a decree entered without juris-
diction of the parties is void and may be attacked on that
ground collaterally or otherwise whenever it is relied upon
as against defendants named therein as parties over whom
the court has in fact acquired no jurisdiction. *Beeman v.
Kitzman,* 124 Iowa, 86; *Thornily v. Prentice,* 121 Iowa,
89.   There is nothing in this case to sustain an estoppel
as against plaintiffs to question the validity of the judg-
ment.   It does not appear that plaintiffs had any knowledge
of this decree until about a year before the present action
was instituted.   Defendant has not placed himself in any
different. situation in reliance on his decree since the knowl-
edge thereof was brought home to the plaintiffs.

III.   It may be conceded that, after the death of
defendant pending the action, his heirs should have been
made defendants, but the failure to do so constitutes no
more than a defect of parties.

*2. PARTITION:
service by
publication:
judgment:
collateral at-
tack: es-
toppel.*

It may be that the decree will not be effectual as against such heirs. With that question we have now no concern. No objection was made in the lower court that the proper parties were not before it, and it is not competent for the appellant, administrator of defendant's estate, to urge for the first time on appeal that the court erred in rendering a decree without having other parties brought in. *Anderson v. Acheson,* 132 Iowa, 744; *Bouten v. Orr,* 51 Iowa, 473; *Melick v. First Nat. Bank,* 52 Iowa, 94. There is a manifest distinction between a case in which by reason of defect of parties plaintiff is entitled to no relief whatever, and one in which the plaintiff has shown himself to be entitled to relief, but it appears that the relief granted will not be effectual as to persons interested who have not been made parties. The case of *Tod v. Crisman,* 123 Iowa, 693, relied upon by appellant, is of the former class. But in the case before us the relief demanded as against the defendant Thomas J. Howard might properly be granted on the allegations of the petition, and the court therefore had jurisdiction to proceed. We do not think that it lost jurisdiction by the death of said defendant and the substitution of an administrator to defend in his stead. Whether the heirs of the original defendant will be bound by the decree is a question not presented in the lower court, and not now necessary to be determined. On the death of a party to an action, the court may allow the action to be continued by or against the legal representative or successors in interest of the deceased. Code, section 3445. If the court erred in allowing the substitution of the legal representative rather than the successors in interest of the deceased, such action was erroneous only, and did not deprive the court of jurisdiction. As no question was raised in the lower court with reference to the propriety of the court's action, such question can not now be urged on appeal.

3. SAME: parties: substitution: jurisdiction.

IV.  There was no error in ordering the sale of the property for the purpose of making a partition.  It clearly appears that the property in controversy consists of two separate lots in the city of Des Moines.  It would be plainly impracticable to apportion out a one-tenth part of each of these lots to the plaintiffs.

4. SAME: order of sale.

V.  The lower court allowed an attorney's fee to plaintiffs' attorney to be paid out of the proceeds of the sale of the property before distribution to the respective claimants.  In the case of *Hawk v. Day*, 148 Iowa, 47, it was held that "where the title to property involved in partition proceedings is put in issue, and all parties are represented by counsel, neither may have attorney's fees taxed at the expense of the common property."  Plaintiffs can not by resorting to a proceeding for partition of property throw the expense for reasonable attorney's fees upon the proceeds of the property itself if it appears that the real controversy is as to plaintiffs' title to or interest in the property.  As this case was presented to the trial court, it involved simply the question whether plaintiffs had any interest in the property and the extent of such interest.  There was no controversy as to the right to partition if plaintiffs' alleged interest was established.

5. SAME: taxation of attorneys' fees.

The decree will be modified so as to eliminate the provision found therein that plaintiffs' attorney's fees shall be paid out of the proceeds of the sale of the property and one-fourth of the cost of this appeal will be taxed to appellee.  In other respects the decree will be affirmed.— *Modified* and *affirmed*.