OLMA JOHNSTON et al., Appellants, v. BONNIE BOOTHE et al., Appellees.

No. 46362.

DECEMBER 14, 1943.

J. O. Watson, Jr., of Indianola, and Lee & Walsh, of Ames, for appellants.

D. M. Ewalt, of Indianola, for Warren County, appellee.

S. E. Prall, of Indianola, and Herrick, Sloan & Langdon, of Des Moines, for all other appellees.

HALE, J.—The facts in this case are stipulated. H. J. Switzer died testate on October 11, 1921, leaving his surviving spouse, Cornelia Switzer, and two children, Mary May Morris, forty-one years of age, and Charles Clyde Switzer, thirty-nine years of age, both married and still living. The only children of Mary May Morris were Bonnie Boothe, Ruth Salyers, Dwight Morris, and Mary Edwards; and the only child of Charles Clyde Switzer was Olma Johnston, the plaintiff. Of these children of Mary May Morris, Mary Edwards died intestate in April 1930, leaving a husband, Ralph Edwards, but no children. Warren County is a defendant only as relates to taxes. Other parties named are wives and husbands of the children of Mary May Morris and Charles Clyde Switzer.

The will of H. J. Switzer, among the devises and bequests, has the following provision:

"Fifth. I give, devise and bequeath unto my wife Cornelia Switzer for and during the term of her natural life or as long as she remains my widow all of my real estate * * * [describing it] to have and to hold and to use the income and profits therefrom, but she is not to dispose of any of the real estate described in this clause, the said real estate described in this clause at the death of my wife Cornelia Switzer or at the time of her marriage should *should* she marry again to go to the children of my Daughter Mary May Morris and to the children of my Son Charles Clyde Switzer or to trustees for said grand children if any be not of age as provided in clause Six hereof, the said grand children to share equally in said property."

The sixth clause of the will provides that if the children, or any of them, of Mary May Morris or Charles Clyde Switzer, be not of legal age at the time of death of such parent or testator's wife, then the share of such grandchild or grandchildren

be placed in the hands of the trustees named therein until such grandchild or grandchildren become of age.

The widow, Cornelia, died March 21, 1942. The interest of Ralph Edwards, surviving husband of Mary Edwards, in the land, was conveyed by quitclaim deed to Bonnie Boothe, Ruth Salyers, and Dwight Morris on June 30, 1942. The question to be determined is whether plaintiff is entitled, as she claims, to one fourth of the real estate, or, as defendants Bonnie Boothe, Ruth Salyers, and Dwight Morris assert in their counterclaim, only to one fifth thereof. The court ruled in favor of defendants and plaintiff appeals. No question is made here as to other provisions of the decree except attorney's fees.

Was the remainder to the grandchildren under the will vested at death of the testator or was it contingent, not vesting until the termination of the life estate? If vested, then the property should be divided into five shares, one share going to plaintiff, as decreed by the court. If contingent, then, Mary Edwards being dead at the termination of the life estate, the property should be divided into four shares, of which plaintiff would be entitled to one share.

I. The question of vested and contingent remainders has been the subject of much discussion. This court has been by no means consistent, and, as stated by the author of the annotations to Skelton v. Cross, 222 Iowa 262, 268 N. W. 499, in 109 A. L. R. 129, 154: "The Iowa decisions show * * * a decided variance in result." One division of such annotations, of several pages, is devoted entirely to Iowa decisions.

In Skelton v. Cross, supra, the terms of the will then under discussion transferred only a contingent remainder, and in his opinion Justice Hamilton reviews the difficulty had by this court in previous decisions as to the nature of remainders devised, citing many authorities.

After considerable controversy, with decided variations in the results obtained from the language in the instruments considered and construed, we believe this court has of recent years more definitely and consistently determined the rules applicable to the character of vested interests of estates. The primary object in all cases is to determine the intent of the testator, and this, once determined, is controlling.

The cases decided by this court are in great number, have been frequently reviewed, and it is unnecessary and would be a mere repetition to review herein all or many of the decisions of this court in relation to the question involved. However, a case of interest historically is Atchison v. Francis, 182 Iowa 37, 165 N. W. 587, L. R. A. 1918E, 1087, an opinion by Justice Weaver in 1917, in which the whole subject of vested and contingent remainders is fully discussed, citing practically all of the Iowa decisions up to that date, with many authorities from other jurisdictions, and the case is itself cited in many of our recent decisions:

"A vested remainder is one whereby the estate passes by the conveyance, but the possession and enjoyment are postponed until the particular estate is determined,—one where the estate is invariably fixed, to remain to certain determinate persons." In re Estate of Phearman, 211 Iowa 1137, 1144, 232 N. W. 826, 829, 82 A. L. R. 674.

Where the terms of the grant do not come within such definition we have frequently held that the remainder is contingent, as in our recent case of Jones v. Coon, 229 Iowa 756, 295 N. W. 162. The court there, in an opinion by Justice Oliver, found the devise not within the definition of a vested estate, providing, as it did, a contingency—the survival and solvency of the beneficiary—at the expiration of a trust period. The uncertainty of the beneficiary in that case is evident.

In Smith v. Harris, 227 Iowa 127, 133, 287 N. W. 255, 258, an opinion also by Justice Oliver, the provision of the will was that after a life estate the property should go to testator's surviving children, and the subject is thoroughly reviewed, with many citations, including Skelton v. Cross, supra. The decision approves the holding in that case and again upholds what is known as the common-law definition of contingent and vested remainders and repudiates certain older cases not in accord therewith, saying that:

"* * * the common law definitions had been adhered to by a majority of the court for a considerable length of time and that to again 'turn about face' and apply the former rule 'would render the confusion all the more confounding.' "

The rule which we have cited has been adopted by this court after much controversy and, with some exceptions, has been held to be fully established. The cases cited thoroughly review our holdings.

Our last expression on this subject, found in the case of Peters v. Thoning, 231 Iowa 755, 759, 2 N. W. 2d 76, 78, in an opinion by Justice Stiger, reaffirms the doctrine in a case wherein the questions were mainly equitable conversion or reconversion:

"There is no merit to the suggestion in the record that the gift to the children was contingent. The beneficiaries of the remainder interest are definite and certain and they had a present right at the death of the testator to the enjoyment of the gift at a certain time in the future—the death of the life tenant."

This has been the trend of our more recent holdings, and we are satisfied that, following and in line with such decisions, the will here in question provides that at the death of the testator the beneficiaries described had a vested interest in the land of the remainder estate, the grandchildren—that is, the children of Mary May Morris and Charles Clyde Switzer—to share equally. There is nothing in the language of the will to indicate to the contrary. There is no provision here that the share shall go to the testator's children "if living," "then in being," "surviving children," "if he survive," or language of similar import expressing contingency, such as is frequently found in the cases where the interest devised was held to be a contingent remainder, as in Smith v. Harris, supra. Nor is there any gift over of the interest of any grandchild who dies before the termination of the life estate. We are satisfied that the will indicates the intention that the children specified did, at testator's death, take a vested interest subject to the life estate. This holding is in conformity with the rulings in the cases cited by appellee: In re Estate of Phearman, supra; Blair v. Kenaston, 223 Iowa 620, 273 N. W. 184; Boehm v. Rohlfs, 224 Iowa 226, 276 N. W. 105.

Appellant argues that the remainder here being to a class, such a contingency is created that the estate would not

be vested. However, we believe it to be the rule that when there is an immediate gift to a class of persons it vests in members of that class who are in existence at the time of the testator's death, unless a definite intention to the contrary appears from the context of the will—as is argued by appellees. It is not uncommon that a vested interest occurs in certain members of a class subject to reopening to let in after-born children or others of the same class as devisees.

"Where there is an immediate gift over to a class of persons, it vests in the members of the class who are existent at the time of the execution and delivery of the deed, unless a different intention appears from the context of the instrument, and such vested remainder will open to let in members of the class who may be born during the continuance of the precedent estate. The birth of other children to the life tenant would not change the quality or character of the estate, but only the extent of it." Blair v. Kenaston, supra, at page 626 of 223 Iowa, page 187 of 273 N. W., citing cases.

See, also, Restatement of the Law, Property, Vol. 2, 541, 552, section 157m.

It is a principle long established that the law favors the vesting of estates when not in contravention to some established rule of law or public policy, and unless it clearly appears the devise was intended to be conditional it would tend to vest upon the death of the testator. Boehm v. Rohlfs, supra, and cases cited therein; Atchison v. Francis, supra. We are satisfied that under the rules heretofore established the estate devised by the will in remainder is vested and not contingent. We conclude each of the five grandchildren received a one-fifth interest in the land, which, in the case of the three appellees, was augmented by the one-fifth interest conveyed by the husband of the deceased grandchild, making each of said three appellees the owners of four fifteenths, or four fifths in all, and the appellant thus being the owner of three fifteenths, or one fifth.

II. A second objection to the decree is made by appellant, that is, to the refusal of the court to allow attorney's fees in favor of plaintiff's attorney. Appellant argues that under the facts in this case the court was in error in refusing to

allow attorney's fees in favor of plaintiff's attorney. Appellant cites no authority for her position except section 12340, Code of 1939, which provides for attorney's fees. However, in a partition suit where the only contest is over the title it has been definitely held in this state that no attorney's fees can be allowed to plaintiff's attorney. While a different provision appears in Rule 293 of the new Rules of Civil Procedure, this appeal was perfected prior to the taking effect of such rules and would be governed by the provisions of sections 12339 and 12340 of the Code of 1939. Under the former Code rule this matter came up at various times.

In the case of Everett v. Croskrey, 101 Iowa 17, 18, 69 N. W. 1125, cited by appellees, the court says: "The issue tried was whether the defendant owned one-sixth of the land, as stated in the petition, or one-half thereof, as alleged in the answer." The court refused to allow attorney's fees, citing and quoting from McClain v. McClain, 52 Iowa 272, 275, 3 N. W. 60, 63:

" 'While in form this is an action for partition, yet it is essentially an action to determine the title, which was in dispute. We do not think, in such a case, the fees of plaintiff's attorneys should be taxed as part of the costs.' " Citing further, Duncan v. Duncan, 63 Iowa 150, 18 N. W. 858. The court goes on to say: "The statutes contemplate the payment of plaintiff's attorneys for services essential to the accomplishment of actual partition of the real estate, by all parties, in proportion to their interests. Attorney's fees, however, for services rendered in the determination of issues wherein the title to, or some interest in the property is in controversy, should not be allowed or taxed as part of the costs."

See, also, Todd v. Stewart, 199 Iowa 821, 202 N. W. 844, and cases cited; and Oziah v. Howard, 149 Iowa 199, 128 N. W. 364.

The court properly held that attorney's fees should not be taxed.

The decree of the district court should be, and is, affirmed. —Affirmed.

All JUSTICES concur.