**In the Matter of the ESTATE OF Elwood T. COLE, Deceased.**

**Mary COLE, John Cole, Sharon Crowe and Nancy Ehlers, Plaintiffs–Appellants,**

**v.**

**Ralph COLE, Individually and as Executor of the Estate of Elwood T. Cole, Deceased, and Carroll Dean Cole, Defendants–Appellees.**

**95–334.**

Court of Appeals of Iowa.

March 27, 1996.

Steven T. Roth of the Roth Law Office, Storm Lake, and John C. Werden, Jr., Van Dyke and Werden, P.C., Carroll, for appellants.

Mary Ann Diehl of Stern, Diehl, Cornish & Jensen, Storm Lake, for appellee Ralph Cole.

Willis Hamilton and Kirby L. Bailey of the Hamilton Law Firm, P.C., Storm Lake, for appellee Carroll Dean Cole.

Heard by HABHAB, P.J., and CADY and HUITINK, JJ.

HABHAB, Presiding Judge.

Elwood T. Cole died testate in January 1965. He was survived by his wife, Irma, and three sons, Ralph, James, and Carroll. According to Elwood's last will and testament, Irma was granted a life estate in all of Elwood's real property, with a remainder interest to the three sons. The will additionally provided James and Carroll were to have the option of purchasing eighty acres of specifically identified farm land. This option clause further provided the option must be exercised within six months after termination of the life estate, and if either one declined to exercise his option, the other could exercise the option himself, said fund to be paid into the estate. The will also provided James and Ralph were to pay Carroll $2500, payable one year from the date of Irma's death, this sum to be a lien against James's and Ralph's shares of real property.

The will additionally provided if any of the sons died before Irma and were not survived by children, that son's widow would receive a one-ninth remainder interest in the real property and the remaining eight-ninths would pass to the remaining son or sons.

In December 1986, James died. His last will and testament devised a life estate in all real property to his wife, Mary, with a remainder to his three children, John, Nancy, and Sharon. The will listed James as having an undivided one-third interest in the eighty acres. James and his son, John, had farmed this property for many years.

Irma died testate in February 1994. Elwood's estate was subsequently reopened. On February 28, 1994, Carroll filed an election to purchase the eighty acres pursuant to the option granted in Elwood's will. Carroll offered the appraised fair market value of $146,000. However, on April 15, 1994, James's wife, Mary, and her three children filed a notice of their election to exercise the option granted to James. A dispute arose between Carroll and James's heirs regarding the rights of the parties to exercise the option. James's heirs filed a notice on July 25, 1994, they were ready, willing, and able to perform this option and sought declaratory relief to establish their rights. They maintained as James's heirs they had a right to exercise the option contained in Elwood's will as to one-half the real estate, despite the fact James did not survive Irma.

The district court concluded the option granted in Elwood's will was personal to his two sons, James and Carroll, and could not be passed to either's heirs. The court opined the heirs would still inherit James's one-third interest in the property and a share of the sale proceeds.[1]

James's heirs appeal.

On appeal, the issue is whether the testamentary option to purchase real estate in the will of Elwood Cole could be inherited by the heirs of James Cole, who received the option in Elwood's will.[2] This is a declaratory judgment action in probate. As the case was tried in equity, our review is de novo. Iowa R.App.P. 4.

■ Generally, an option to purchase real estate, given in a will, is personal and not exercisable by heirs. *In re Estate of Lemke,* 216 N.W.2d 186, 190 (Iowa 1974); 80 Am. Jur.2d *Wills* § 1481, at 549–50 (1975). The court in *Lemke,* however, after stating this general proposition, found the issue must be decided through a determination of testamentary intent. *Lemke,* 216 N.W.2d at 191.

---

1. We agree with the appellant the question here rises above the academics.

2. Since James and Carroll survived the testator, the anti-lapse statute, by its own terms, is inapplicable.

The testator's intent is determined by the language used in the will, the scheme of distribution, the circumstances surrounding the will's execution, and the existing facts. *In re Estate of Thompson*, 511 N.W.2d 374, 377 (Iowa 1994); *In re Estate of Rogers*, 473 N.W.2d 36, 39 (Iowa 1991). The question is not what the testator meant to say but what the testator meant by what he or she did say. *Rogers*, 473 N.W.2d at 39; *Lemke*, 216 N.W.2d at 191. We consider the entire will and strive to give each part meaning and effect. *Rogers*, 473 N.W.2d at 39. Technical rules or canons of construction are resorted to only if the language of the will is clearly ambiguous or conflicting, or if the testator's intent is for any reason uncertain. *Id.; In re Estate of Anderson*, 359 N.W.2d 479, 480 (Iowa 1984).

Elwood Cole's will stated, in part:

IV. I will, devise and bequeath to my beloved wife, Irma Cole, a life estate in all of the real property of which I may die seized or possessed, she to have the rentals, income and use thereof during her lifetime; and I will, devise and bequeath the remainder interest in all real property with the exception of the property set out in paragraph III. hereof, subject to the conditions hereinafter imposed, to my three sons, Ralph Elwood Cole, James Walter Cole, and Carroll Dean Cole, share and share alike, subject to these conditions, requirements and restrictions, to-wit:

a. That my sons, James Walter Cole and Carroll Dean Cole, shall have the option and privilege of purchasing the following described real estate after the death of my wife, to-wit: .... Said option to be exercised within six (6) months after the termination of said life estate, and payment made at that time if said option is exercised. This option shall be the right of my said two sons and in the event that either one of them does not care to participate in this privilege, then the other son shall have the privilege to exercise said option himself, said funds to be paid into the estate and distributed as hereinafter set out.

b. That my sons, Ralph Elwood Cole and James Walter Cole, shall each pay to my son, Carroll Dean Cole, the sum of Two Thousand Five Hundred Dollars ($2,500), which sums shall be paid to him within a period of one year following the date of the death of my wife, and this condition and charge shall be a lien upon the shares of Ralph Elwood Cole and James Walter Cole in the said real property which I have herein devised to them.

c. In the event any of my sons shall die before the death of my wife, Irma Cole, and shall not be survived by a child or children, I will devise and bequeath to his widow a one-ninth (⅑) remainder interest in my said real property and the remaining eight-ninths (⅞) shall vest and pass to my two remaining son or sons, if two of my sons precede my wife in death.

The language used in granting this option is very specific. The option was given to Elwood's sons, James and Carroll. There were no words of inheritance or succession used in paragraph (a) when the option and the terms of the option were granted. A testator's failure to include words of inheritance creates a strong presumption he did not intend the option to be inheritable. *Lemke*, 216 N.W.2d at 192; *Bankers Trust Co. v. Allen*, 257 Iowa 938, 945, 135 N.W.2d 607, 611 (1965). We further note the possibility of one of the sons not surviving Irma was contemplated in the drafting of the will as is evidenced by paragraph (c). As survivorship was contemplated in the will but not discussed in the option portion of the will, we find this to be further evidence of Elwood's intent for the option to be personal and not inheritable. In addition, the testator emphasized at IV(a) that "this option shall be the right of my said two sons...."

We believe viewing the language used in the entire will leads to the conclusion the option was personal and not inheritable. As in *Lemke*, each time Elwood mentioned his sons, he had the opportunity to indicate by words of heirship the option was not personal. Again, like in *Lemke*, this he did not do, and it is not for us in view of the strong presumption to rewrite his will.

We find the option granted to James and Carroll in Elwood's will was personal and could not be inherited should they fail to

survive Irma. Accordingly, we affirm the ruling of the district court.

**AFFIRMED.**